UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
(301) 344-3593

October 24, 2018

LETTER TO COUNSEL:

    Re:   *William Jackson v. The Standard Fire Insurance Company*
            Civil Case No. TDC-17-1612

Dear Counsel:

Pending before the Court is Plaintiff William Jackson's ("Jackson") Motion for Protective Order (ECF No. 50).[1] Having considered the submissions of the parties (ECF Nos. 50, 51, and 52), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, Jackson's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**. Defendant The Standard Fire Insurance Company's ("Travelers") request for fees (ECF No. 51 at 16) is **DENIED**.

Rule 501 of the Federal Rules of Evidence provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Accordingly, Maryland law, which supplies the rule of decision in this diversity case, governs the applicability of the attorney-client privilege. Maryland has "adopted Wigmore's test for deciphering the existence and scope of an attorney-client privilege":

> (1) Where legal advice of [any] kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his insistence permanently protected, (7) from disclosure by himself or by the legal adviser, (8) except the protection [may] be waived.

*Greenberg v. State,* 421 Md. 396, 409 (2011) (internal citations omitted).[2] "The party who is resisting discovery and is asserting a protective privilege bears the burden of establishing its existence and applicability." *E.I. du Pont de Nemours & Co. v. Forma-Pack, Inc.*, 351 Md. 396, 406 (1998).

---

[1] On May 11, 2018, Judge Chuang referred this case to me for all discovery and related scheduling matters. (ECF No. 39.)

[2] The Fourth Circuit applies the same test. *See Mayor & City Council of Baltimore v. Unisys Corp.*, No. CV JKB-12-614, 2014 WL 12738272, at *2 (D. Md. June 6, 2014) (citing *United States v. Tedder*, 801 F.2d 1437, 1441 (4th Cir. 1986)).

Jackson asserts that 28 documents (hereinafter, the "withheld documents") that are responsive to Travelers' discovery requests are protected from disclosure by the attorney-client privilege. (ECF No. 50.) Jackson states that after he discovered the water damage at issue in this case, but before retaining the law firm of Futrovsky, Forster & Scherr, Chartered, he "sought advice and counsel from a Maryland-barred attorney, Ms. Jasmine Dabney [("Dabney")] . . . concerning the water loss and the resulting claim with Travelers." (ECF No. 50 at 2.) He argues that the advice that Dabney has given him throughout this case has been sought by him and provided by her in her capacity as an attorney.

Travelers argues that the withheld documents are not protected by the attorney-client privilege because Jackson's communications with Dabney were not primarily for the purpose of obtaining legal services. (ECF No. 51 at 1.) Instead, Jackson's communications with Dabney related to the business services that she provided as the proprietor of 2J Enterprises, LLC, in the context of Jackson and Dabney's landlord-tenant relationship, and regarding matters of a personal nature between Jackson and Dabney. (*Id.* at 3-5.) Travelers also points to Jackson's equivocal statements regarding his understanding of whether Dabney was acting in her capacity as a "legal adviser." (*Id.* at 5.)

The Court has considered the parties' arguments and has conducted an *in camera* review of the withheld documents.[3] The Court's ruling is as follows.

With a few exceptions, all of the email communications authored by Todd Forster or Scott Futrovsky (Jackson's retained attorneys in this case) are protected from disclosure by the attorney-client privilege. These communications were clearly transmitted by Forster and Futrovsky in their capacity as professional "legal advisers." The emails concern Jackson's lawsuit against Travelers and were created in connection with Jackson's retention of Forster and Futrovsky for legal advice and representation. Because of the unique nature of Dabney's relationship with Jackson, I do not find that the inclusion of Dabney on the emails authored by Forster or Futrovsky amounted to a waiver.[4] It is clear to the Court, from a review of Jackson's

---

[3] On August 6, 2018, the Court ordered Jackson to "send a copy of all purportedly privileged communications" to the undersigned for *in camera* review. (ECF No. 49.)

[4] Regarding the issue of waiver, Travelers also argues that Jackson's "disclosure of the contents of his conversations with his attorney on December 29, 2018, to a representative, Justine Gale, of a contents restoration company retained by Travelers" amounted to a waiver of the attorney-client privilege. (ECF No. 51 at 16.) Travelers is referring to Jackson's comments that "he was instructed by his [attorney] that no contractor is allowed to open any drawers/cabinets" in connection with a restoration estimate. (ECF No. 51-11 at 2.) Jackson's disclosure of the fact that he was instructed by his attorney to deny access to a full inspection of his residence does not amount to a waiver. In making this disclosure, Jackson did not disclose any confidential communications or legal analysis, but instead only disclosed his attorney's conclusion and ultimate advice on an issue. *See Trustees of Elec. Workers Local No. 26 Pension Tr. Fund v. Tr. Fund Advisors, Inc.*, 266 F.R.D. 1, 10 (D.D.C. 2010) ("[M]erely disclosing non-privileged communications with an attorney does not thereby waive privileged ones.") (quoting 1 Edna Selan Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine* 524 (5th ed. 2007)).

2

submissions and a review of the withheld documents themselves, that Forster and Futrovsky included Dabney as a recipient of the emails in her capacity as a "legal adviser" to Jackson. The same is true for the January 16, 2018, email from Jackson. Accordingly the withheld documents listed on the table below are protected from disclosure by the attorney-client privilege. Jackson's Motion is granted as to the following documents[5]:

| Author | Date and Time | Subject |
|---|---|---|
| Forster | July 18, 2016; 4:11 p.m. | Conversation with Ed Cameron – Atlantic Estimating |
| Forster | December 6, 2016; 9:29 a.m. | FW: Status   U7V7985/Jackson |
| Forster | December 7, 2016; 2:26 p.m.[6] | FW: Status   U7V7985/Jackson |
| Forster | December 7, 2016; 2:33 p.m. | RE: Status   U7V7985/Jackson |
| Forster | January 4, 2017; 4:28 p.m. | RE: Status U7V7985/JacksonBarfield,Ashanti |
| Forster | April 18, 2017; 4:28 p.m. | RE: William Jackson – Draft Complaint |
| Forster | April 19, 2017; 5:30 p.m. | RE: William Jackson – Draft Complaint |
| Forster | April 21, 2017; 11:19 a.m. | RE: William Jackson – Amended (Draft) Complaint |
| Forster | June 14, 2017; 3:58 p.m. | FW: Activity in Case 8:17-cv-01612-TDC Jackson v. The Standard Fire Insurance Company Notice of Removal |
| Forster | June 16, 2017; 6:14 p.m. | Re: Activity in Case 8:17-cv-01612-TDC Jackson v. The Standard Fire Insurance Company Notice of Removal |
| Forster | July 24, 2017; 3:46 p.m. | FW: Jackson v. The Standard Fire Insurance Company, TDC 17-1612 |
| Forster | January 12, 2017; 12:01 p.m. | RE: Water Pressure at 12627 Prestwick |
| Jackson | January 16, 2018; 10:58 p.m. | Jacuzzi toilet info request |
| Forster | February 15, 2018; 2:05 p.m. | RE: Past Due Balance |

The withheld documents listed on the following table are not protected by the attorney-client privilege. Some of these documents only concern matters not encompassed within the privilege, including the existence of the attorney-client relationship and fee arrangements. *See Chesek v. Jones*, 406 Md. 446, 463, 959 A.2d 795, 805 (2008) ("Ordinarily fee arrangements are not within the scope of attorney-client privilege because revealing such information generally does not expose confidential communication between the attorney and client.") Others concern the scheduling of meetings, and the confirmation of the receipt of emails that are not themselves privileged. These communications reflect the "structural framework" of the attorney-client relationship, not the substance of confidential communications. *See generally Cohen v. Uniroyal,*

---

[5] Unless indicated otherwise, the Court's findings apply to the entire document, including attachments and earlier messages included on the email chain.

[6] The earlier communications contained in this email thread are not privileged. These communications are between Forster and third parties. This document should be redacted so that the non-privileged communications are produced to Travelers.

*Inc.*, 80 F.R.D. 480, 483 (E.D. Pa. 1978) (noting that "the attorney-client privilege does not foreclose inquiry into the general nature of the lawyer's activities on behalf of a client, conditions of the lawyer's employment or any other external trappings of the relationship"); *see also Condon v. Petacque*, 90 F.R.D. 53, 54 (N.D. Ill. 1981) ("The privilege does not foreclose inquiry into the fact of representation itself or the dates upon which services are rendered as long as the substance of the attorney-client relationship is shielded from disclosure."). Although these documents are probably not relevant to any claims or defenses in this case under Rule 26(b), Jackson will be required to produce them to Travelers, along with any attachments, in order to further the Court's interest in transparency. Jackson's motion is denied as to the documents listed below and any attachments thereto:

| Author | Date and Time | Subject |
|---|---|---|
| Forster | March 25, 2016; 3:05 p.m. | Jackson Retainer v2.pdf |
| Forster | March 25, 2016; 6:08 p.m. | Jackson Retainer v3.pdf |
| Forster | April 13, 2016; 12:50 p.m. | Contact Information |
| Forster | November 17, 2016; 10:18 a.m. | RE: William Jackson – Travelers Claim for Personal Property (1 of 3) |
| Forster | July 6, 2017; 12:50 p.m. | Update |
| Forster | August 14, 2017; 12:26 p.m. | FW: Activity in Case 8:17-cv-01612-TDC Jackson v. The Standard Fire Insurance Company Order for Settlement Conference |

The Court is unable to conclude whether the following document is privileged. For the email titled "RE: Contact Information," Jackson is directed to produce to the Court the attachment titled "Timeline.doc," which was not included with his ex parte submission. The Court will review this document *in camera*. Jackson's Motion is held sub curia as to the following document:

| Author | Date and Time | Subject |
|---|---|---|
| Forster | April 13, 2016; 1:37 p.m. | RE: Contact Information |

The circumstances surrounding Dabney's involvement in this case are rather uncommon. As Travelers points out, Dabney's relationship with Jackson is multi-faceted. (ECF No. 51 at 3-5.) She is Jackson's friend, his landlord, his business contractor, his traveling companion, and his legal advisor. Jackson did not retain Dabney as his attorney in this case, and Dabney did not enter into a typical attorney-client relationship with Jackson by signing a retainer agreement and entering her appearance in a case. Nonetheless, it is clear from Jackson's submissions and the content of the documents reviewed *in camera* that Jackson sought Dabney's professional legal advice and that Dabney did, in fact, provide Jackson and his retained counsel with her advice. Under these circumstances, the communications authored by Dabney in which she provided legal advice to Jackson and his retained counsel are protected from disclosure by the attorney-client privilege. Jackson's Motion is granted as to the documents below:

| Author | Date and Time | Subject |
|---|---|---|
| Dabney | April 18, 2017; 2:01 p.m. | William Jackson – Draft Complaint |

| Dabney | April 21, 2017; 11:15 a.m. | William Jackson – Amended (Draft) Complaint |
| Dabney | April 21, 2017; 3:55 p.m. | Fwd: Mail with GoodReader attachments Complete Policy |
| Dabney | June 16, 2017; 6:00 p.m. | Re: Activity in Case 8:17-cv-01612-TDC Jackson v. The Standard Fire Insurance Company Notice of Removal |

Other communications authored by Dabney are not privileged. One of these emails, titled "Re: Update," concerns a scheduling matter. Three of the emails concern an inventory of Jackson's damaged personal property. These emails were not sent by Dabney in her professional legal capacity. Because these communications are not privileged, they must be produced to Travelers. Jackson's motion is denied as to the following documents and any attachments thereto:

| Author | Date and Time | Subject |
| --- | --- | --- |
| Dabney | November 16, 2016; 10:03 p.m. | William Jackson – Travelers Claim for Personal Property (1 of 3) |
| Dabney | November 16, 2016; 10:06 p.m. | William Jackson – Travelers Claim for Personal Property (2 of 3) |
| Dabney | November 16, 2016; 10:08 p.m. | William Jackson – Travelers Claim for Personal Property (3 of 3) |
| Dabney | July 7, 2017; 1:51 p.m. | Re: Update |

Jackson shall produce to Travelers copies of the all of the withheld documents that are not privileged within fourteen (14) days of the date of this Order. As soon as practicable, Jackson shall produce to my chambers (mdd_TJSchambers@mdd.uscourts.gov) a copy of the attachment to the April 13, 2016 email titled "Timeline.doc" so that the document can be reviewed *in camera*. Because a majority of the documents at issue were withheld by Jackson based on arguments that are substantially justified, I decline to order Jackson to pay the fees incurred by Travelers in connection with the Motion.

For the reasons set forth above, Jackson's Motion for Protective Order (ECF No. 50) is **GRANTED IN PART** and **DENIED IN PART**. Travelers' request for fees (ECF No. 51 at 16) is **DENIED**.

Although informal, this letter constitutes an Order of the Court and shall be docketed accordingly.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge